UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EARL MARTIN,

        Plaintiff,

                                        Case Number 08-14629-BC

v.                                          Honorable Thomas L. Ludington

O-N MINERALS (MICHIGAN) CO.,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION, GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT, AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT**

On October 31, 2008, Plaintiff Earl Martin filed a complaint, purporting to invoke the Court's maritime jurisdiction through reference to Federal Rule of Civil Procedure 9(h). Initially, Plaintiff named Michigan Limestone Corp. and O-N Minerals (Michigan) Co. as Defendants. On December 16, 2008, the Court ordered the dismissal of Defendant Michigan Limestone Corp., pursuant to a stipulation of the parties.

Now before the Court are three motions: Defendant's motion to dismiss for lack of subject matter jurisdiction or, in the alternative, to remand to state court; Plaintiff's motion to amend the complaint; and Defendant's motion for a more definite statement. The Court has reviewed the parties' submissions and finds that the facts and the law have been sufficiently set forth in the motion papers. The Court concludes that oral argument will not aid in the disposition of the motions. Accordingly, it is **ORDERED** that the motions be decided on the papers submitted. *Compare* E.D. Mich. LR 7.1(e)(2).

I

At the time of the events alleged in Plaintiff's complaint, Plaintiff was an employee, specifically a crew member, of Wisconsin and Michigan Steamship Co.[1] Defendant O-N Minerals is a wharfinger. Plaintiff alleges that while he was assisting his employer to dock a ship at Defendant's Calcite Dock in Rogers City, Michigan, he was injured. Plaintiff alleges that he was injured due to the "lack of illumination and quick mud like properties" on the dock. While the ship on which Plaintiff was a crew member was backing into the berth, Plaintiff was standing on the dock, handling a line. The line backlashed, pulling Plaintiff forward while his boots remained stuck in the "sucking mud."

Plaintiff alleges that his injuries resulted from Defendant's failure to provide a safe berth, in breach of Defendant's warranty of workmanlike service owing the shipowner, Wisconsin and Michigan Steamship Co. Plaintiff alleges that he is a third-party beneficiary of the warranty. Plaintiff's complaint describes Defendant's acts as "tortious." He seeks damages for the following: pain and suffering, past and future; mortification, humiliation, fright, shock, and embarrassment; loss of earnings and earning capacity; hospital, pharmaceutical and other cure expenses; aggravation of prior condition, if any there be; inability to engage in social, recreational, and other pursuits previously enjoyed; and mental anguish.

II

A federal court's authority to hear cases in admiralty flows initially from the Constitution, which extends federal judicial power "to all Cases of admiralty and maritime jurisdiction." U.S. Const. art. III, § 2; *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 530-

---

[1] The identity of Plaintiff's employer is not contained in his original complaint, but is gleaned from his proposed amended complaint.

32 (1995). Congress subsequently embodied that power in a statute giving federal district courts "original jurisdiction . . . of . . . [a]ny civil cases of admiralty or maritime jurisdiction. . . . " 28 U.S.C. § 1331(1). In its motion to dismiss for lack of jurisdiction, Defendant argues that this Court does not have maritime or admiralty jurisdiction under 28 U.S.C. § 1333.[2]

Defendant asserts that Plaintiff is alleging a tort cause of action because he is seeking compensation for personal injuries sustained as a result of an accident at Defendant's dock. Generally, "[t]he critical factor in determining whether a tort claim comes within the statutory grant of admiralty jurisdiction is the situs of the tort, i.e., the place where it happened." *Howmet Corp. v. Tokyo Shipping Co.*, 320 F. Supp. 975, 977 (D. Del. 1971) (citing *State Indus. Comm'n of State of N.Y. v. Nordenhalt Corp.*, 259 U.S. 263, 271 (1922)). "Torts which occur on a dock or wharf or any other extension of land ordinarily are not within admiralty jurisdiction." *Id.* (noting that the Admiralty Jurisdiction Act, 46 U.S.C. § 740, *revised*, 46 U.S.C. § 30101, which extends admiralty jurisdiction to "cases of injury or damage, . . . caused by a vessel on navigable waters," even when the injury or damage occurs on land, was inapplicable to the action before the court).

In responding to this point, Plaintiff asserts that his complaint does not assert a tort cause of action, but a cause of action based on a maritime contract, which is within the Court's admiralty jurisdiction. Plaintiff asserts that Defendant was obligated to Plaintiff's employer under a warranty of workmanlike service and that Plaintiff has standing to bring a claim against Defendant for a breach of that warranty as a third-party beneficiary.

Plaintiff's claims are within the Court's admiralty jurisdiction. Whether a contract cause of

---

[2] Defendant also points out that diversity jurisdiction does not exist because Plaintiff has not alleged that the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332.

action is within the Court's admiralty jurisdiction depends on whether "the services actually performed pursuant to the contract are maritime in nature." *Exxon Corp. v. Central Gulf Lines, Inc.*, 500 U.S. 603, 612 (1991). In *Oglebay Norton Co. v. CSX Corp.*, 788 F.2d 361, 365 (6th Cir. 1986), the Sixth Circuit recognized that "the warranty of workmanlike performance [] runs from a wharfinger, or dock owner, to a shipowner." The court described the warranty as follows:

> The nature of the services performed by the wharfinger determines the extent of this warranty. . . . The implied warranties of a wharfinger relate to the conditions of the berths and the removal of dangerous obstructions or giving notice of their existence to vessels about to use the berths. . . . A wharfinger also owes a duty to furnish a safe means of egress and ingress to berthed ships.

*Id.* at 365 (quoting *Sims v. Chesapeake & Ohio Ry. Co.*, 520 F.2d 556, 561 (6th Cir. 1975)). The court of appeals noted that "suing on the warranty is a contract action" and upheld the application of maritime law, rather than state law, in the decision below. *Id.* at 363-64.

Further, at least one federal court of appeals has expressly indicated that the warranty of workmanlike service "extends beyond the immediate contracting parties and encompasses foreseeable third parties." *C. C. Sanderlin v. Old Dominion Stevedoring Corp.*, 385 F.2d 79, 81-82 (4th Cir. 1967) (citing *Crumady v. The Joachim Hendrik Fisser*, 358 U.S. 423 (1959)). The court of appeals emphasized that in *Crumady*, a charter had entered into a servicing agreement with a stevedore, but it was the vessel rather than the charterer that was awarded indemnification on account of the warranty of workmanlike service. *Id.* at 82. The court further reasoned that there would be "needless and undesirable circuity" in requiring an employee "to sue his employer, the shipowner, . . .for the unseaworthiness . . . and then for the employer to seek indemnification" from the party in breach of the warranty). *Id.* at 82 (also noting an "impressive array of recent state court decisions permitting employees to recover directly on a warranty from the manufacturer to the

employer-purchaser"). *See also Oglebay Norton*, 788 F.2d 361 (finding that the shipowner held liable for a crew members death was entitled to indemnity from the wharfinger). This Court is persuaded by that reasoning. Thus, the Court will deny Defendant's motion to dismiss for lack of jurisdiction.

III

Plaintiff's amended complaint seeks to join his employer, Wisconsin and Michigan Steamship Co., as a Defendant. Plaintiff seeks to state claims against his employer under the general maritime law for unseaworthiness and under the Jones Act, 46 U.S.C. § 30104, for failure to provide a safe place to work.

Defendant opposes Plaintiff's motion and has filed a motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Defendant alleges that Plaintiff's complaint is deficient because it does not allege the following:

> (1) the name of the vessel allegedly involved in the incident,
> (2) that Plaintiff was a crew member of the vessel involved in the docking,
> (3) that Plaintiff was assisting in the docking of the named vessel, with whom he held an employee status,
> (4) a statement of the "maritime status" between the vessel and the dock owner,
> (5) the nature of the negligence or breach of warranty committed by Plaintiff's employer with respect to the docking.

Plaintiff's complaint does not sufficiently allege all of the elements of his claims and the factual support for those claims. Thus, the Court will grant in part Defendant's motion for a more definite statement.

First, to prevail on an unseaworthiness claim against his employer, Plaintiff must prove two elements: (1) the unseaworthy condition of the ship, and (2) proximate causation. *Churchill v. Bluegrass Marine, Inc.*, 444 F.3d 898, 904 (6th Cir. 2006). Plaintiff's complaint does not allege

these elements and should be amended to do so. Plaintiff should also include the name of the vessel, of which he was a crew member, that was allegedly involved in the incident.

Second, to prevail on a claim under the Jones Act against his employer, Plaintiff must prove that his employer breached the duty to provide a safe workplace by "neglecting to cure or eliminate obvious dangers of which the employer or its agents knew or should have known" and that his employer's actions "contributed in some way toward causing the plaintiff's injuries." *Id.* at 907-08 (internal citations omitted). Plaintiff's complaint does not allege these elements and should be amended to do so. Thus, the Court will grant Plaintiff leave to file an amended complaint, but require him to allege the proper elements of unseaworthiness and Jones Act claims against his employer as stated above.

IV

Accordingly, it is **ORDERED** that Defendant's motion to dismiss for lack of subject matter jurisdiction [Dkt. # 6] is **DENIED**.

It is further **ORDERED** that Plaintiff's motion for leave to file first amended complaint [Dkt. # 12] is **GRANTED**. Plaintiff shall file an amended complaint, consistent with this order, on or before **February 24, 2009**.

It is further **ORDERED** that Defendant's motion for a more definite statement [Dkt. #14] is **GRANTED IN PART** and **DENIED IN PART**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: February 10, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 10, 2009.

        s/Tracy A. Jacobs
        TRACY A. JACOBS